O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
|  | Case No. 15-cv-00345 (VEB) |
| CHARLENE GALLOWAY, |  |
| Plaintiff, | DECISION AND ORDER |
| vs. |  |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, |  |
| Defendant. |  |

**I. INTRODUCTION**

In June of 2011 and September of 2011, Plaintiff Charlene Galloway applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB"), respectively, under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Binder and Binder, Shanny J. Lee, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8, 9, 22). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 19).

## II. BACKGROUND

Plaintiff applied for SSI benefits and DIB, alleging disability due to mental and physical impairments. (T at 211).[1]  The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On February 20, 2013, a hearing was held before ALJ James P. Nguyen (T at 38).  Plaintiff appeared with her attorney and testified. (T at 43-62, 63-65).  The ALJ also received testimony from Alan Cummings, a vocational expert (T at 62-63, 65-68).

On March 15, 2013, the ALJ issued a written decision denying the applications for benefits.  (T at 19-37).  The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 17.

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

Commissioner's final decision on January 13, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On February 26, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on September 1, 2015. (Docket No. 16). The parties filed a Joint Stipulation on October 30, 2015. (Docket No. 18).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for calculation of benefits.

## III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

1    **B.      Standard of Review**

2            Congress has provided a limited scope of judicial review of a Commissioner's

3    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

4    made through an ALJ, when the determination is not based on legal error and is

5    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

6    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

7            "The [Commissioner's] determination that a plaintiff is not disabled will be

8    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

9    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

10   evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

11   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

12   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

13   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

14   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

15   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

16   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

17   the Court considers the record as a whole, not just the evidence supporting the

18   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

19   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

20

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.     Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 1, 2011, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2013 (the "date last insured.") (T at 25).   The ALJ found that Plaintiff's low back condition with associated pain, hypertension, hyperlipidemia, migraine headaches, major depressive disorder with psychosis, and anxiety disorder were "severe" impairments under the Act. (Tr. 25).

7

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

1    However, the ALJ concluded that Plaintiff did not have an impairment or

2    combination of impairments that met or medically equaled one of the impairments

3    set forth in the Listings. (T at 25).

4    The ALJ determined that Plaintiff retained the residual functional capacity

5    ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with limitations

6    as follows: she can occasionally climb ramps and stairs, but never climb ladders,

7    ropes, or scaffolds; she can frequently balance, stoop, kneel, crouch, and crawl; she

8    should avoid concentrated exposure to extreme cold, heat, wetness, humidity, noise,

9    vibration, fumes, odors, dusts, gases, and poor ventilation; she should avoid working

10   around heavy machinery or unprotected heights; she can understand, remember, and

11   carry out simple job instructions, but cannot perform work that would require

12   directing others or that involves abstract thoughts or planning; she can maintain

13   attention and concentration to perform simple, routine, repetitive tasks, provided her

14   work environment is free of fast paced production requirements; she can have

15   occasional interaction with co-workers, supervisors, and the general public; she can

16   work in an environment with occasional changes in work setting and occasional

17   work-related decision-making. (T at 27).

18   The ALJ concluded that Plaintiff could not perform her past relevant work as

19   a nurse's assistant. (T at 31).  Considering Plaintiff's age (41 years old on the

20

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

alleged onset date), education (limited), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 32).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between May 1, 2011 (the alleged onset date) and March 15, 2013 (the date of the decision) and was therefore not entitled to benefits. (T at 33). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.     Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 20), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, Plaintiff argues that the ALJ did not properly assess the medical evidence. Second, she challenges the ALJ's credibility determination.  This Court will address both arguments in turn.

### IV. ANALYSIS

**A.     Medical Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is

given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

1.      **Dr. Hudson**

Dr. Marcia Anderson Hudson, Plaintiff's treating psychiatrist, completed a psychiatric/psychological impairment questionnaire on September 9, 2011.  Dr. Hudson had been treating Plaintiff since July of 2009, with visits approximately every 8 weeks. (T at 412).  She diagnosed depression and anxiety and assigned a Global Assessment of Functioning ("GAF") score[2] of 50 (T at 412), which is indicative of serious impairment in social, occupational or school functioning. *Haly v. Astrue,* No. EDCV 08-0672, 2009 U.S. Dist. LEXIS 76881, at *12-13 (Cal. CD Aug. 27, 2009).

Dr. Hudson described Plaintiff's prognosis as "guarded." (T at 412).  She assed marked limitations with respect to Plaintiff's ability to remember locations and work-like procedures, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerance, sustain ordinary routine without supervision, work in coordination with or proximity to others without being distracted by them, and complete a normal workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

length of rest periods. (T at 415-16).  Dr. Hudson also opined that Plaintiff was markedly limited with regard to her ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, and set realistic goals or make plans independently. (T at 417).

Dr. Hudson explained that Plaintiff was incapable of handling even low stress and would likely experience episodes of deterioration or decompensation in work or work-like settings. (T at 417).  She opined that Plaintiff was not a malingerer and was incapable of even "low stress" work. (T at 418).  According to Dr. Hudson, Plaintiff's symptoms had existed since at least 2005 and would likely cause her to be absent from work more than three times per month. (T at 419).

In a statement dated January 29, 2013, Dr. Hudson reaffirmed her prior conclusions, explaining that Plaintiff's condition was chronic and prevented her from performing any type of work. (T at 570).

The ALJ gave "minimal weight" to Dr. Hudson's assessments. (T at 30).  This Court finds the ALJ's assessment flawed and not supported by substantial evidence. The ALJ concluded that Dr. Hudson relied primarily on Plaintiff's subjective complaints and determined that the record lacked documented "evidence of

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

cognitive dysfunction or emotional decompensation that would prevent work." (T at 30).

However, the ALJ's conclusion disregards the fact that Dr. Hudson had a lengthy treating relationship with Plaintiff, and thus had ample opportunity to make clinical observations, which formed the basis for her opinions.  "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Moreover, "a patient's complaints or reports of [her] complaints, or history, is an essential diagnostic tool." *Williams v. Colvin*, 13-03005, 2014 U.S. Dist. LEXIS 6244, at *33 (E.D.Wa. Jan. 15, 2004).

Here, Dr. Hudson had a lengthy treating relationship with Plaintiff and the treatment notes frequently indicated serious mental health symptoms. (T at 494 – blunted affect)(T at 393, 394, 494 – anxious or depressed mood and affect)(T at 399 – constricted affect)(T at 399 – persecutory delusions)(T at 393 – sleep problems)(T at 403 – evidence of thought blocking, delusions of a paranoid and religious nature)(T at 405 – withdrawn behavior, poor hygiene, poor insight and judgment, impaired memory).

The ALJ also found that Plaintiff's treatment was not "consistent with what one would expect if [Plaintiff] was truly disabled …." (T at 30).  In this regard, the

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

ALJ noted that Plaintiff's medication regimen had remained the same over the course of two years, which the ALJ believed was an indication that treatment was effective in stabilizing her symptoms. (T at 30).  However, this finding is contrary to the record, which documents numerous medication adjustments. (T at 406, 393-96, 481-82, 494-95).  Moreover, even if medication was arguably effective in stabilizing Plaintiff's symptoms while she was not working and effectively homebound, this would not undermine Dr. Hudson's conclusion that Plaintiff's symptoms would be exacerbated by the stress demands of regular work activity. (T at 417).

In addition, Dr. Hudson's assessments were generally consistent with the findings of Dr. Berg, a consultative examiner (discussed below), which provided a further reason for giving weight to her opinion.

For the foregoing reasons, this Court finds the ALJ's decision to discount Dr. Hudson's assessments, which were based on her expertise and lengthy treating relationship with Plaintiff and which are consistent with the record evidence, cannot be sustained.

### 2.      Dr. Berg

In December of 2010, Dr. Gene Berg performed a psychological consultative examination.  Dr. Berg diagnosed depressive disorder NOS and assigned a GAF score of 50, which (as noted above) is indicative of serious impairment. (T at 583).

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

Dr. Berg made several findings indicative of an inability to work a full-time job, finding it "highly doubtful" that Plaintiff would be able to perform such a job "in the foreseeable future." (T at 584).  Dr. Berg described Plaintiff's prognosis as "fair to guarded." (T at 572).

On January 6, 2011, Dr. Berg completed an impairment questionnaire, wherein he assessed moderate limitations with regard to Plaintiff's understanding and memory, sustained concentration and persistence, social interactions, and adaptation. (T at 575-77).  Dr. Berg opined that Plaintiff would experience episodes of deterioration or decompensation in work or work-like settings, which would cause her to withdraw from such settings and/or experience exacerbation of signs and symptoms. (T at 577).

Dr. Berg believed that Plaintiff's impairments were ongoing and would last more than 12 months. (T at 578).  He opined that Plaintiff was not a malingerer and was incapable of even "low stress" work. (T at 578).  Dr. Berg explained that Plaintiff's impairments were likely to produce "good" and "bad" days and she was likely to be absent from work more than 3 times per month as a result of her impairments or treatment. (T at 578-79).

The ALJ gave "no weight" to Dr. Berg's opinion. (T at 31).  The ALJ's decision was flawed for the following reasons.  First, the ALJ placed heavy

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

emphasis on the fact that Plaintiff was referred to Dr. Berg by her attorney. (T at 31). However, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them," unless there is additional evidence demonstrating impropriety, and the ALJ identified no such evidence. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995).

Second, the ALJ found Dr. Berg's opinion inconsistent with the record evidence. This, of course, ignores the important fact that Dr. Berg's opinion is quite consistent with the assessment of Plaintiff's long-time treating psychiatrist, Dr. Hudson. Moreover, the ALJ afforded significant weight to the assessment of Dr. Dan Funkenstein, a non-examining State Agency review consultant, even though Dr. Funkenstein assessed many of the same moderate limitations as Dr. Berg. (T at 31, 101-03, 115-17). The ALJ did not note this consistency or explain the decision to credit Dr. Funkenstein's assessment or disregard Dr. Berg's. Nor did the ALJ explain how Dr. Funkenstein's assessment of moderate limitations was consistent with his RFC determination, while Dr. Berg's assessment of similar limitations was not.

Lastly, the ALJ also noted that Dr. Berg's opinion was dated "well before" the alleged onset date and was therefore "of limited value and relevance for the period at issue in this decision." (T at 31). This finding cannot be sustained. Although Dr.

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

Berg's reports were prepared a few months prior to the applications for benefits, Dr. Berg concluded that Plaintiff's impairments were ongoing and would last more than 12 months. (T at 578).

Moreover, the alleged onset date set forth in Plaintiff's application for DIB is August 1, 2008 (T at 222-30, 231-35), well before Dr. Berg's December 2010 and January 2011 assessments.  Although the onset date for Plaintiff's SSI benefit application is determined as a matter of law (*See* SSR 83-20) to be the application date (May 1, 2011), Dr. Berg found that Plaintiff's impairments were likely to last beyond that date and Dr. Hudson rendered her assessment of continuing, significant impairment in September 2011 and reaffirmed that finding in January of 2013. Thus, the timing of Dr. Berg's reports is of limited, if any, probative value and certainly did not justify the ALJ's decision to afford "no weight" to the assessment of this examining mental health professional.

This Court has no difficulty in concluding that the ALJ's decision to discount Dr. Berg's assessment cannot be sustained.

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

She lives with her children, including her 8-year old son. (T at 43-44). She does not drive and uses public transportation approximately once or twice a week. (T at 44). She completed tenth grade. (T at 44-45). She stopped working due to depression. (T at 45). She can do some cooking and cleaning, but does not do laundry. (T at 45). Frequent migraine headaches are an issue, and medication does not provide relief. (T at 47). She cries almost every day, but has difficulty

explaining why. (T at 49-50).   Side effects from her many medications include dizziness and fatigue. (T at 51-52).  She has "good" days, but most days as "bad." (T at 53).  On "bad" days, she just wants to be left alone and spends the day in bed. (T at 53).  Approximately five days each week are "bad."  (T at 53).  She experiences anxiety, but cannot explain why. (T at 53-54).  She attempted suicide due to anxiety, but could not remember when that happened. (T at 54-56).   She has auditory hallucinations. (T at 56-57).  She only leaves the house once or twice a week. (T at 57-58).  She has no friends. (T at 58).  Medication side effects and difficulty with stress prevent her from working. (T at 59).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 28).

For the reasons that follow, this Court finds that the ALJ's credibility decision is not supported by substantial evidence.   First, the ALJ found that Plaintiff's activities of daily living, which included caring for her 8-year old son, some light household chores, and infrequent use of public transportation, were inconsistent with the level of disability she alleged. (T at 28).

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

However, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable,

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

Moreover, individuals with chronic mental health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v. Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)). As such, given Plaintiff's documented difficulties with stress, her ability to maintain a meager existence in the absence of work-based stress has limited, if any, probative value with respect to assessing her credibility.

The ALJ also noted that Plaintiff had been asked "multiple times" by the State Agency to complete an "Adult Function Report" outlining her activities of daily living, but had failed to do so.  The ALJ found that Plaintiff's failure was "without good cause" and determined that it "reflect[ed] negatively on the credibility of her allegations as a whole." (T at 28).  This finding is problematic in at least two respects.

First, the ALJ's "lack of good cause" finding is conclusory and it is not clear that the ALJ considered the fact that Plaintiff's severe depression and anxiety may have interfered with her ability to reflect on her condition and complete the form

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

and/or may have impaired her ability to understand what was being required.

Second, Plaintiff appeared for the administrative hearing and was subjected to extensive, detailed questions about her activities of daily living.  The hearing was difficult.  At one point, the proceeding was adjourned because Plaintiff broke down crying and vomited. (T at 49).  The hearing was completed and the ALJ had ample opportunity to develop the record with regard to Plaintiff's activities of daily living.  As such, Plaintiff's failure to complete the "function report" appears to have had no substantive impact on the development of the record and did not impede the Commissioner's adjudication of her case.  It was therefore error for the ALJ to discount her credibility on this basis.

Lastly, Plaintiff's subjective complaints were well-supported by the findings of Dr. Hudson, her long-time treating provider, and Dr. Berg, a consultative examiner.  For the reasons outlined above, the ALJ improperly discounted those assessments and therefore also failed to consider the support provided by those assessments when considering Plaintiff's credibility.

## C.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional proceedings or an immediate award of benefits. Remand for additional proceedings

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

1   is proper where (1) outstanding issues must be resolved, and (2) it is not clear from

2   the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379

3   F.3d 587, 593 (9th Cir. 2004).

4        In contrast, an award of benefits may be directed where the record has been

5   fully developed and where further administrative proceedings would serve no useful

6   purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).   Courts have

7   remanded for an award of benefits where (1) the ALJ has failed to provide legally

8   sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that

9   must be resolved before a determination of disability can be made, and (3) it is clear

10  from the record that the ALJ would be required to find the claimant disabled were

11  such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th

12  Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of

13  Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir.1988)).

14        In this case, for the reasons stated above, this Court finds that the ALJ failed

15  to provide legally sufficient reasons for rejecting the assessments of Plaintiff's

16  treating provider and a consultative examiner.   The ALJ likewise erred in evaluating

17  Plaintiff's credibility.

18        There are no outstanding issues that must be resolved before a determination

19  of disability can be made.   It is clear from the record that the ALJ would be required

20

to find the claimant disabled were such evidence credited.  Two mental health professionals (a treating psychiatrist with a long-term treating relationship and a consultative psychologist) concluded that Plaintiff had serious mental health limitations that would preclude her from handling the demands, including in particular even low stress demands, of regular work activity.  (T at 412-19, 570, 578-83).  No treating or examining mental health professional opined that Plaintiff could handle the demands of basic work activity.  If credited, this evidence conclusively establishes disability, which makes a remand for calculation of benefits the appropriate remedy.

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB

**V. ORDERS**

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for calculation of benefits consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees.

DATED this 21st day of March, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – GALLOWAY v COLVIN 15-CV-00345-VEB